**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30376 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00292-BR-1 |
| v. | |
| SID EDWARD WILLIS, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30377 |
| Plaintiff - Appellee, | D.C. No. 3:02-cr-00120-BR-1 |
| v. | |
| SID EDWARD WILLIS, Jr., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted March 4, 2015
Portland, Oregon

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: FISHER, PAEZ, and IKUTA, Circuit Judges.

In this consolidated appeal, Sid Willis, Jr. challenges the district court's denial of his motion to suppress evidence in case number 3:12-cr-00292, and its imposition of a 60-month sentence for violating the terms of his supervised release in case number 3:02-cr-00120.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying Willis's motion to suppress. The detention of Willis that resulted in the officers' discovery of the relevant evidence was a valid investigatory stop under *Terry v. Ohio*, 392 U.S. 1 (1968). The aggressive means the officers used to stop Willis were justified and did not convert the detention into an arrest because the officers had information that Willis was currently armed, the stop closely followed a violent crime, and Willis fled upon seeing the officers' vehicle. *See United States v. Edwards*, 761 F.3d 977, 982 (9th Cir. 2014); *cf. Green v. City & Cnty. of San Francisco*, 751 F.3d 1039, 1047–48 (9th Cir. 2014). Willis concedes that the officers had reasonable suspicion to stop him. The stop therefore did not violate the Fourth Amendment. *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 990–91 (9th Cir. 2002).

**AFFIRMED.**

---

[1] We resolve Willis's challenge to his sentence in a concurrently issued opinion. *United States v. Willis*, __ F.3d __ (9th Cir. 2015).